IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:11CV4170 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| DUANE L. KUYPER individually and as Trustee of KUYPER FAMILY LIVING TRUST; MARY L. KUYPER individually and as Trustee of KUYPER FAMILY LIVING TRUST; KUYPER FAMILY LIVING TRUST; VISION UNLIMITED; and CURTIS CAVETT as Trustee of VISION UNLIMITED, | ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

    This is a civil action in which the United States seeks (1) to reduce to judgment federal income tax assessments made against Duane L. Kuyper and the Kuyper Family Living Trust, (2) to obtain a judicial determination that the Kuyper Family Living Trust and Vision Unlimited are the alter egos or nominees of Duane L. Kuyper, and (3) to foreclose the tax liens of the United States upon certain real property located in Aurora County, South Dakota. The Complaint was filed on December 1, 2011. Defendants Duane Kuyper and Mary Kuyper, individually and as trustees of the Kuyper Family Living Trust, were served on December 7, 2011.

    On December 29, 2011, Defendants Duane Kuyper and Mary Kuyper, along with a nonparty, Raymond Ehrman ("Ehrman"), filed a *pro se* pleading captioned

"Answer to Complaint" and "Third Party Complaint" (Docket no. 9).[1] Named as third-party defendants are James M. Daugherty, Brendan V. Johnson, Daniel A. Applegate,[2] the Internal Revenue Service, the United States District Court for the District of South Dakota,[3] the Office of the Inspector General, and the Congress of the United States.

On January 13, 2012, the United States filed a motion to strike both the answer and the third-party complaint pursuant to Federal Rule of Civil Procedure 12(f) because the document "is a frivolous filing that bears no relation to the claims in the United States' Complaint, does not answer the Complaint as required by Fed. R. Civ. P. 8(b), and does not meet the requirements of Fed. R. Civ. P. 8(a) for pleading a claim for relief." (Docket no. 20)  Rule 12(f) provides, in part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f).

Regarding the third-party complaint, I conclude the motion to strike instead should be ruled upon with reference to Federal Rule of Civil Procedure 14(a)(4), which specifies that "[a]ny party may move to strike the third-party claim" alleged

---

[1] The document's caption also states "Notice Removed to District Court Washington, D.C."  This notice, treated as a motion for change of venue, will be denied.

[2] Mr. Daugherty is an IRS agent. Mr. Johnson is United States Attorney for the District of South Dakota.  Mr. Applegate is the attorney of record for the United States in this matter.

[3] On January 11, 2012, all judges from the District of South Dakota were recused from hearing or determining any proceeding in this matter (Docket no. 19). On January 17, 2012, the undersigned was designated and assigned by the Chief Judge of the United States Court of Appeals for the Eighth Circuit to preside over this matter (Docket no. 21).  On January 27, 2012, the Kuypers and Ehrman filed a "Notice of Exception to Designation of Judge" (Docket no. 22). Treated as a motion, such filing will be denied.

in a third-party complaint. A third-party complaint may only be filed against "a nonparty who is or may be liable to [a defending party] for all or part of the claim against it." Fed.R.Civ.P. 14(a)(1). "[A] third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto." *Stewart v. American Intern. Oil & Gas Co.,* 845 F.2d 196, 199-200 (9th Cir. 1988). "The crucial characteristic of a Rule 14 claim is that [the] defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." *Id.* at 200 (quoting 6 Wright & Miller, *Fed. Prac. & Proc.* § 1446 at 257 (1971 ed.)). Although the third-party complaint filed by the Kuypers and Ehrman is largely unintelligible, it is apparent that none of the named third-party defendants are or may be liable to them for any claims asserted by the United States. Consequently, the third-party complaint is an improper pleading and will be ordered stricken.[4]

Regarding the answer, the document does recite that the defendants "deny each and every fact, claim, [and] allegation made by [the United States] . . . ." (Docket no. 9 at 2). This general denial satisfies the requirements of Federal Rule of Civil Procedure 8(b)(3) ("A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial.").[5] In all other respects, however, the answer fails to comply with Federal Rule of Civil Procedure 8(b)(1)(A), which requires a party responding to a pleading to "state in

---

[4] A third-party complaint constitutes a separate pleading under Federal Rule of Civil Procedure 7(a)(5), but the defendants have not indicated where their answer leaves off and the third-party complaint begins. In fact, the pleadings are intertwined. I will not attempt to identify which allegations constitute the stricken third-party complaint because, as will be discussed, I find that the defendant's answer also should be stricken except insofar as they have entered a general denial.

[5] However, I do not decide whether the denial is made is good faith.

short and plain terms its defenses to each claim asserted against it . . . ." Complicating matters is the lack of any separation between the answer and the third party complaint.

Striking a party's pleading "is an extreme and disfavored measure," *BJC Health System v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007), but the Kuypers obviously have pleaded "insufficient defenses" and their answer is full of "redundant, immaterial, impertinent, or scandalous matter." The United States cannot reasonably be expected to reply to such a muddled pleading. While the United States requests that the answer be stricken in its entirety, and suggests that the defendants should be ordered "to file a proper answer within 7 days or be defaulted" (Docket no. 20 at 6), I will accept the defendant's general denial but will strike everything else in the pleading pursuant to Rule 12(f). If the defendants desire to amend their answer to assert specific, cogent defenses, they will be required to obtain the United States' consent or else obtain leave of court before doing so. *See* Fed. R. Civ. P. 15(a)(2). In order to obtain leave of court, they will need to file a motion and attach a copy of the proposed amended answer. *See* D.S.D. Civ. LR 15.1. I will then review the proposed amended answer and any briefs submitted in support or in opposition, and will make a determination as to whether the amendment will be allowed.

Accordingly,

IT IS ORDERED:

1. The United States's motion to strike (Docket no. 20) is granted in part and denied in part, as follows:

    a. Pursuant to Federal Rule of Civil Procedure 14(a)(4), the third-party complaint (Docket no. 9) filed by Defendants Duane Kuyper and Mary Kuyper, and by Raymond Ehrman, is hereby stricken and no person or entity named as a third-party defendant shall be considered a party to this action;

      b.      Raymond Ehrman shall not be considered a party to this action;

      c.      Pursuant to Federal Rule of Civil Procedure 12(f), the answer (Docket no. 9) filed by Defendants Duane Kuyper and Mary Kuyper is hereby stricken except insofar as they generally deny all allegations made by the United States' in its complaint;

      d.      The defendants' motion for change of venue (Docket no. 9) is denied; and

      e.      In all other respects, the United States' motion is denied.

2.      The objection (Docket no. 22) filed by Defendants Duane Kuyper and Mary Kuyper to the designation and assignment of Richard G. Kopf as the presiding judge in this matter, treated as a motion, is denied.

February 29, 2012.                        BY THE COURT:

                                                 *Richard G. Kopf*
                                                 Senior United States District Judge

---

     *This opinion may contain hyperlinks to other documents or Web sites. The court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.