IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:11-cv-04170 |
| ) | |
| DUANE L. KUYPER individually and as ) | |
| Trustee of KUYPER FAMILY LIVING ) | |
| TRUST; MARY L. KUYPER individually and ) | |
| as Trustee of KUYPER FAMILY LIVING ) | |
| TRUST; KUYPER FAMILY LIVING TRUST; ) | |
| VISION UNLIMITED; and RAYMOND ) | |
| EHRMAN as Trustee of VISION UNLIMITED, ) | |
| ) | |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT

Plaintiff, the United States, for its complaint, alleges as follows:

1.      This is a civil action wherein the United States seeks: to reduce to judgment the federal income tax assessments made against Duane L. Kuyper and Kuyper Family Living Trust; a judicial determination that the Kuyper Family Living Trust and Vision Unlimited are the alter egos or nominees of Duane L. Kuyper; and to foreclose the tax liens of the United States upon certain real property located in Aurora County, South Dakota.

### Jurisdiction and Parties

2.      This action, under 26 U.S.C. §§ 7401 and 7403 to reduce to judgment tax assessments made against Duane L. Kuyper and Kuyper Family Living Trust and to foreclose federal tax liens encumbering real property in Aurora County, South Dakota, has been requested and authorized by the Chief Counsel of the Internal Revenue Service and is brought at the direction of a delegate of the Attorney General of the United States.

3.  The Court has jurisdiction over this case under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402.

4.  Venue is proper in the District of South Dakota under 28 U.S.C. §§ 1391(b) and 1396 because this is the judicial district in which the Defendants reside and the real property at issue is located.

5.  Duane L. Kuyper ("Duane"), whose tax liabilities are the subject of this action, resides in Stickney, South Dakota, within this judicial district. Duane is also named as a defendant in his capacity as Trustee of Kuyper Family Living Trust. Duane operates a sole proprietorship called Kuyper Winpower Generator Sales and Service ("Kuyper Winpower"), located on the real property that is the subject of this suit. Duane is also Manager of Vision Unlimited.

6.  Mary L. Kuyper ("Mary") resides in Stickney, South Dakota, within this judicial district, and is named as a defendant in her capacity as a Trustee of Kuyper Family Living Trust and because she may claim an interest in the real property that is the subject of this action.

7.  Kuyper Family Living Trust is a trust established by Duane and Mary, located in Stickney, South Dakota, within this judicial district. Kuyper Family Living Trust's tax liabilities are the subject of this action and it may claim an interest in the real property that is the subject of this civil action.

8.  Vision Unlimited is named as a defendant in this action pursuant to 26 U.S.C. § 7403(b) because it holds title to the real property that is the subject of this civil action. Vision Unlimited lists its address as Mitchell, South Dakota, within this judicial district, and is referred

to as a trust called "Visions Unlimited" in one deed purportedly conveying the real property that is the subject of this suit.

9. Raymond Ehrman resides in Freeman, South Dakota, within this judicial district, and is named as a defendant in his purported capacity as a Trustee of Vision Unlimited. Raymond Ehrman has represented himself to this Court to be the Trustee of Vision Unlimited, to which a deed purportedly conveyed the real property that is the subject of this action, and may claim an interest in that real property.

10. The United States seeks to foreclose its federal tax liens on real property located in Aurora County, South Dakota, within this judicial district, legally described as follows:

> Parcel One
> Lot "B" of Block Thirteen (13) of Milwaukee Land Company's Second Addition to Stickney, Aurora County, South Dakota.
>
> Parcel Two
> Lot One "A" (1A), of Block Thirteen (13), in the Milwaukee Land Company's Second Addition to Stickney, Aurora County, South Dakota.
>
> Parcel Three
> The West Seventy-five feet (W. 75') of Lot One (1), in Block Thirteen (13) of the Second Addition to the Town of Stickney, Aurora County, South Dakota.

Parcel One is commonly known as 301 N. Second St., Stickney S.D. 57375, and Parcel Two is commonly known as 205 N. Second St., Stickney S.D. 57375. Parcel Three is a vacant lot adjoining Parcel Two.

## Count I:
## Reduce to Judgment Income Tax Assessments Against Duane L. Kuyper

11. The United States incorporates by reference the allegations contained in

paragraphs 1 through 10, above, as if fully set forth here.

12. Duane L. Kuyper failed to file federal income tax returns 2000 and 2001.

13. On the dates indicated below, a delegate of the Secretary of the Treasury timely made assessments against Duane for federal income taxes and statutory additions as follows:

| Year | Amount of Tax Assessed | Date of Assessment | Amount Owed as of December 1, 2011 |
|---|---|---|---|
| 2000 | $54,275.00 | 5/9/2005 | $84,346.93 |
| 2001 | $64,494.00 | 5/9/2005 | $150,140.41 |
|  |  |  | Total: $234,487.34 |

14. A delegate of the Secretary of the Treasury gave timely notice of each assessment described in paragraph 13 to Duane and made demand for payment.

15. Duane neglected, failed and refused to pay the assessed income tax liabilities described in paragraph 13 and therefore remains indebted to the United States for the unpaid balance plus statutory additions and interest accruing from the dates of assessment.

WHEREFORE, the United States requests entry of judgment in its favor as follows:

(a) that the Court enter judgment in favor of the United States and against Duane L. Kuyper in the amount of $234,487.34 for unpaid federal income taxes plus statutory interest and additions accruing after December 1, 2011 until paid; and

(b) that the Court award to the United States its costs and such other and further relief as the Court deems just and proper.

## Count II:
## Reduce to Judgment Income Tax Assessments Against Kuyper Family Living Trust

16. The United States incorporates by reference the allegations contained in

paragraphs 1 through 15, above, as if fully set forth here.

17. On the dates indicated below, a delegate of the Secretary of the Treasury timely made assessments against Kuyper Family Living Trust for federal income taxes and statutory additions as follows:

| Year | Amount of Tax Assessed | Date of Assessment | Amount Owed as of December 1, 2011 |
|---|---|---|---|
| 1997 | $75,359.00 | 12/4/2001 | $84,346.93 |
| 1998 | $16,321.00 | 6/2/2003 | $40,019.69 |
| 1999 | $51,389.00 | 6/2/2003 | $117,344.60 |
| 2000 | $57,597.00 | 6/27/2005 | $121,844.41 |
| 2001 | $67,467.00 | 6/27/2005 | $160,119.01 |
| | | | Total: $523,674.64 |

18. A delegate of the Secretary of the Treasury gave timely notice of each assessment described in paragraph 17 to Kuyper Family Living Trust and made demand for payment.

19. Kuyper Family Living Trust neglected, failed and refused to pay the assessed income tax liabilities described in paragraph 17 and therefore remains indebted to the United States for the unpaid balance plus statutory additions and interest accruing from the dates of assessment.

WHEREFORE, the United States requests entry of judgment in its favor as follows:

(a) that the Court enter judgment in favor of the United States and against Kuyper Family Living Trust in the amount of $523,674.64 for unpaid federal income taxes plus statutory interest and additions accruing after December 1, 2011 until paid; and

(b) that the Court award to the United States its costs and such other and further relief as the Court deems just and proper.

### Count III:
### Lien Foreclosure

20. The United States re-alleges and incorporates by reference the allegations made in paragraphs 1 through 19 above, as if fully set forth here.

21. As a result of the failure of Duane L. Kuyper to satisfy the assessments described above in paragraph 13, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 as of the dates of the assessments and these tax liens attached to all property and rights to property then owned or thereafter acquired by Duane, including the property described above in paragraph 10.

22. As a result of the failure of Kuyper Family Living Trust to satisfy the assessments described above in paragraph 17, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 as of the dates of the assessments and these tax liens attached to all property and rights to property then owned or thereafter acquired by Kuyper Family Living Trust, including the property described above in paragraph 10.

23. Notices of federal tax liens against Duane L. Kuyper were filed with the Aurora County, South Dakota Register of Deeds with respect to his federal income tax liabilities for tax years 2000 and 2001 on December 7, 2006.

24. Notices of federal tax liens against Kuyper Family Revocable Living Trust were filed with the Aurora County, South Dakota Register of Deeds with respect to its federal tax liabilities for tax year 1997 on January 7, 2003, and for tax years 1998 and 1999 on February 17, 2004. To modify the name on the notices of federal tax lien from Kuyper Family Revocable

6

Living Trust to Kuyper Family Living Trust, notices of federal tax liens against Kuyper Family Living Trust for tax years 1997, 1998, and 1999 were filed with the Aurora County, South Dakota Register of Deeds on September 9, 2005.

25. Notices of federal tax liens against Kuyper Family Living Trust with respect to its federal tax liabilities for tax years 2000 and 2001 were filed with the Aurora County, South Dakota Register of Deeds on September 29, 2005.

26. On June 24, 2010, a notice of federal tax lien was filed with the Aurora County, South Dakota Register of Deeds, against the real property identified in paragraph 10, identifying Kuyper Family Living Trust as the alter ego, nominee, or transferee of Duane and listing Duane's federal tax liabilities for 2000 and 2001.

27. On June 24, 2010, a notice of federal tax lien was filed with the Aurora County, South Dakota Register of Deeds, against the real property identified in paragraph 10, identifying Vision Unlimited as the alter ego, nominee, or transferee of Duane and listing Duane's federal tax liabilities for 2000 and 2001.

28. On June 24, 2010, a notice of federal tax lien was filed with the Aurora County, South Dakota Register of Deeds, against the real property identified in paragraph 10, identifying Vision Unlimited as the alter ego, nominee, or transferee of Kuyper Family Living Trust and listing Kuyper Family Living Trust's federal tax liabilities for 1997 through 2001.

29. Duane and Mary acquired the real property described in paragraph 10 and identified as Parcel One through warranty deed recorded on or about July 24, 1972.

30. Duane acquired the real property described in paragraph 10 and identified as Parcel Two through warranty deed recorded on or about March 19, 1976.

31. Duane and Mary acquired the real property described in paragraph 10 and identified as Parcel Three through warranty deed recorded on or about October 18, 1983.

32. On or about June 15, 1995, a warranty deed from Duane and Mary to "Duane L. Kuyper and Mary L. Kuyper and their successors as Trustees of the Kuyper Family Living Trust" was recorded, purportedly conveying the real property described in paragraph 10 and identified as Parcel One, Parcel Two, and Parcel Three.

33. Prior to the recording of the warranty deed described in paragraph 32 purportedly conveying the real property from Duane and Mary, there is no indication that Mary had any legal interest in Parcel Two.

34. On or about February 7, 2003, two nearly identical warranty deeds from "Kuyper Special Trust" to "Curtis Cavett, acting in the capacity as Trustee of, Visions Unlimited" were recorded, purportedly conveying the real property described in paragraph 10 and identified as Parcel One.

35. On or about January 20, 2005, two nearly identical warranty deeds from "Kuyper Family Living Trust, by its trustees Duane L. Kuyper and Mary L. Kuyper" to "Vision Unlimited" were recorded, claiming that each deed "corrects and makes complete retroactively a certain Quit Claim Deed dated January 30, 2003 and recorded on the 7th day of February 2003," purportedly conveying the real property described in paragraph 10 and identified as Parcel One.

36. On or about December 4, 1996, a warranty deed from Duane and Mary to "Duane L. Kuyper and Mary L. Kuyper and their Trustees of the Kuyper Family Living Trust" was recorded, purportedly conveying the real property described in paragraph 10 and identified as Parcel Two. On or about December 11, 1996, a similar warranty deed from Duane and Mary to

"Duane L. Kuyper and Mary L. Kuyper and their successors as Trustees of the Kuyper Family Living Trust" was recorded, purportedly conveying the real property described in paragraph 10 and identified as Parcel Two.

37. On or about January 20, 2005, a warranty deed from "Kuyper Family Living Trust, by its trustees Duane L. Kuyper and Mary L. Kuyper" to "Vision Unlimited" was filed, purportedly conveying the real property described in paragraph 10 and identified as Parcel Two.

38. On or about February 7, 2003, a warranty deed from "Kuyper Special Trust" to "Curtis Cavett, acting in the capacity as Trustee of, Visions Unlimited" was recorded, purportedly conveying the real property described in paragraph 10 and identified as Parcel Three.

39. On or about January 20, 2005, a warranty deed from "Kuyper Family Living Trust, by its trustees Duane L. Kuyper and Mary L. Kuyper" to "Vision Unlimited" was recorded, claiming that the deed "corrects and makes complete retroactively a certain Quit Claim Deed dated January 30, 2003 and recorded on the 7th day of February 2003," purportedly conveying the real property described in paragraph 10 and identified as Parcel Three.

40. Vision Unlimited received title to the real property described in paragraph 10 subject to the federal tax liens on the property arising from the federal tax assessments made against Kuyper Family Living Trust for tax year 1997 on December 4, 2001 and for tax years 1998 and 1999 on June 2, 2003.

WHEREFORE, the United States requests entry of judgment in its favor as follows:

(a) that the Court determine that the United States has valid federal tax liens on the property described above in paragraph 10;

(b) that the Court enter judgment foreclosing the federal tax liens described herein on the property described above in paragraph 10; and

(c) that the Court award to the United States its costs and such other and further relief as the Court deems just and proper.

## Count IV:
## Alter Ego, Nominee, and Transferee Liability

41. The United States re-alleges and incorporates by reference the allegations made in paragraphs 1 through 40 above, as if fully set forth here.

42. Duane and Mary have had continuous use, possession, and control of the real property described in paragraph 10 at all relevant times before and after the purported transfers identified in paragraphs 32 and 34 through 39. Kuyper Family Living Trust is the alter ego, nominee, and/or transferee of Duane. Vision Unlimited is the alter ego, nominee, and/or transferee of Duane and/or Kuyper Family Living Trust. Duane and Mary are the true and beneficial owners of the real property.

43. On or about September 17, 1991, Duane and Mary opened a bank account at CorTrust Bank in the name of Kuyper Family Living Trust. The signatories on the accounts were Duane and Mary.

44. Checks payable to Kuyper Winpower, Duane's sole proprietorship, and Duane's tree stump removal business were deposited in the account at CorTrust Bank held in the name of Kuyper Family Living Trust.

45. The funds in the account at CorTrust Bank held in the name of Kuyper Family

Living Trust were used to pay business expenses of Kuyper Winpower and personal expenses of Duane and Mary.

46.     Duane also applied for and obtained loans for his business from CorTrust Bank, and on the applications Duane listed the real properties identified as Parcel One and Parcel Two as assets that he owned.

47.     The account at CorTrust Bank held in the name of Kuyper Family Living Trust was closed on or about November 10, 2004, after the IRS levied on the account.

48.     On or about July 16, 2004, a bank account in the name of Vision Unlimited was opened at First Dakota National Bank, shortly after the IRS filed a notice of federal tax lien against the Kuyper Family Revocable Living Trust. Duane and Mary were the signatories on the Vision Unlimited account.

49.     Checks payable to Kuyper Winpower, Duane's sole proprietorship, and Duane's tree stump removal business were deposited in the account at First Dakota National Bank held in the name of Vision Unlimited.

50.     The funds in the account at First Dakota National Bank held in the name of Vision Unlimited were used to pay business expenses of Kuyper Winpower and personal expenses of Duane and Mary. The checks for the account included the name "Duane Kuyper, Manager." The account at First Dakota National Bank held in the name of Vision Unlimited was closed on or about March 7, 2007.

51.     After the transfers of bare legal title to the real property described in paragraphs 32 and 34 through 39 to Kuyper Family Living Trust and Vision Unlimited, Duane and Mary continue to make use and enjoyment of the real property.

52. Duane and Mary have at all relevant times resided in the house located on Parcel One.

53. Duane has at all relevant times operated his sole proprietorship, Kuyper Winpower, on Parcel Two, and exercised control of Parcel Three.

54. Despite the transfers of bare legal title to the real property described in paragraph 10 to Kuyper Family Living Trust and Vision Unlimited, Duane and Mary have never paid rent to Kuyper Family Living Trust or Vision Unlimited despite their continued use and enjoyment of the real property described in paragraph 10.

55. Despite the purported transfer of the real property described in paragraph 10 to Kuyper Family Living Trust and Vision Unlimited, Duane continues to maintain the utility bills for the real property in his name and pay utilities and other expenses related to the real property.

56. On or about November 16, 2004, Duane and Mary filed for Chapter 7 bankruptcy in the Bankruptcy Court for the District of South Dakota, case no. 04-41458. On the Schedule B attached to their bankruptcy petition, Duane and Mary listed real property described as "In Trust Vision Unlimited."

57. Kuyper Family Living Trust did not give Duane and/or Mary any consideration in exchange for the property described in paragraph 10.

58. Vision Unlimited did not give Kuyper Family Living Trust, Duane, and/or Mary any consideration in exchange for the property described in paragraph 10.

59. The purported transfers of property described in paragraphs 32 and 34 through 39 were sham transactions made with the intent to hinder, delay, or defraud the creditors of Duane and/or Kuyper Family Living Trust, including the United States, and should be disregarded.

60. At the time of the first purported transfer of property from Duane and Mary to Kuyper Family Living Trust in 1995, Duane was liable for federal income taxes.

61. At the time of the purported transfers of property from Kuyper Family Living Trust to Vision Unlimited, Duane and Kuyper Family Living Trust were liable for the federal income taxes at issue in this case.

62. Kuyper Family Living Trust held bare legal title to the real property described in paragraph 10 as the alter ego, agent or nominee of Duane and its interest in and purported transfers of the real property should be disregarded. Alternatively, Kuyper Family Living Trust is a sham trust which may be disregarded.

63. Vision Unlimited holds bare legal title to the real property described in paragraph 10 as the alter ego, agent or nominee of Kuyper Family Living Trust and/or Duane and its interest in the real property should be disregarded. Alternatively, Vision Unlimited is a sham trust which may be disregarded.

64. Because Kuyper Family Living Trust and Vision Unlimited are alter egos, agents, or nominee of Duane, the federal tax liens arising from the federal income tax assessments made against Duane for tax years 2000 and 2001 on May 9, 2005, attach to the real property described in paragraph 10.

WHEREFORE, the United States requests entry of judgment in its favor as follows:

(a) that the Court determine that the United States has valid federal tax liens on the property described above in paragraph 10;

(b) that the Court disregard the purported transfers described in paragraphs 32 and 34 through 39 as fraudulent conveyances or sham transactions made with the intent to hinder, delay, or defraud the United States;

(c) that the Court determine that Kuyper Family Living Trust is an alter ego, agent and/or nominee of Duane L. Kuyper, or, alternatively, a sham trust that should be disregarded;

(d) that the Court determine that Vision Unlimited is an alter ego, agent and/or nominee of Duane L. Kuyper and/or Kuyper Family Living Trust, or, alternatively, a sham trust or entity that should be disregarded;

(e) that the Court determine that Duane L. Kuyper and Mary L. Kuyper are the true and beneficial owners of the property described in paragraph 10; and

(f) that the Court award to the United States its costs and such other and further relief as the Court deems just and proper.

Dated: April 3, 2012

Respectfully submitted,

BRENDAN V. JOHNSON
United States Attorney

 s/ Daniel A. Applegate
DANIEL A. APPLEGATE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 353-8180
Fax: (202) 514-6770
daniel.a.applegate@usdoj.gov

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing First Amended Complaint has been made upon the following by depositing a copy in the United States mail, postage prepaid, on April 3, 2012.

Duane Kuyper
P.O. Box 246
Stickney, S.D. 57375-0246

Mary Kuyper
P.O. Box 246
Stickney, S.D. 57375-0246

 s/ Daniel A. Applegate
DANIEL A. APPLEGATE
Trial Attorney, Tax Division