IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:11CV4170 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| DUANE L. KUYPER individually | ) | |
| and as Trustee of KUYPER FAMILY | ) | |
| LIVING TRUST;  MARY L. | ) | |
| KUYPER individually and as Trustee | ) | |
| of KUYPER FAMILY LIVING | ) | |
| TRUST;  KUYPER FAMILY | ) | |
| LIVING TRUST; VISION | ) | |
| UNLIMITED; and RAYMOND | ) | |
| EHRMAN as Trustee of VISION | ) | |
| UNLIMITED, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action in which the United States seeks to reduce to judgment federal income tax assessments made against Duane Kuyper and the Kuyper Family Living Trust and to foreclose federal tax liens against certain real property located in Stickney, South Dakota.  The Kuyper Family Living Trust and Vision Unlimited, which also claims an interest in the real property, are alleged to be alter egos or nominees of Duane Kuyper.  An amended complaint was filed on April 3, 2012, substituting Raymond Ehrman as Trustee of Vision Unlimited.[1]  Ehrman has since filed a motion to dismiss the amended complaint.  That motion (filing 35) will be denied in all respects.

---

[1] Curtis Cavett was identified as Trustee of Vision Unlimited in the original complaint, but after Ehrman filed an answer representing that he was Trustee (filing 9 at 6, ¶ 11), the United States was granted leave to amend.

Ehrman seeks dismissal "on grounds that the Amended Complaint A) fails to state a claim, B) fails to state a claim upon which relief can be granted, C) fails for for [*sic*] lack of subject-matter jurisdiction, D) fails for lack of personal jurisdiction, E) fails to prove that 'United States of America' (or 'United States') are real parties in interest, F) fails to show what specific tax the claimed lien is on, G) fails to show which legislated tax is the grounds for the claimed lien, H) fails to show which Territorial Application of that legislated tax is shown in law by definition of the term 'United States'; all failures without showing a cause of action and right to action, and at best the cause that is stated, is extinguished and is beyond the [four-year] statute of limitations for fraudulent transfer claims in South Dakota, . . .." (Filing 35 at 1, ¶ 1). Additionally, Ehrman alleges "improper venue" (filing 35 at 4, ¶ 7), the absence of necessary parties, and the existence of a setoff claim.  These various contentions, which are construed as being raised pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (3), (6), and (7), are all without merit.

*Rule 12(b)(1), Lack of Subject-Matter Jurisdiction*

This action is brought pursuant to 26 U.S.C. § 7403 to reduce to judgment federal income tax assessments and to foreclose tax liens.  Subject-matter jurisdiction is proper under 28 U.S.C. § 1340 ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, . . .."), 28 U.S.C. § 1345 ("Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States . . ..") and 26 U.S.C. § 7402(a) (conferring jurisdiction on district courts for such actions "as may be necessary or appropriate for the enforcement of the internal revenue laws).  *See United States v. Craig*, 46 F.3d 1136, 1995 WL 55166, *1 (8th Cir. 1995) (Table) ("The district court had jurisdiction over this case [to reduce to judgment federal income tax assessments and to foreclose tax liens] because the United States is a party and the case was brought under the internal revenue statutes.").

*Rule 12(b)(2), Lack of Personal Jurisdiction*

To allege personal jurisdiction, "a plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendant[ ] can be subjected to jurisdiction within the state." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004) (quoting *Block Indus. v. DHJ Indus.*, 495 F.2d 256, 259 (8th Cir. 1974)) (internal quotations and alterations omitted). If the defendant controverts or denies jurisdiction, the plaintiff bears the burden of proving facts supporting personal jurisdiction. *Id.* The plaintiff's showing "must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." *Id.* (quoting *Block Indus.*, 495 F.2d at 260).

*Wells Dairy, Inc. v. Food Movers Intern., Inc.*, 607 F.3d 515, 518 (8th Cir.), *cert. denied*, 131 S.Ct. 472 (2010). The evidentiary showing required at the prima facie stage is minimal. *K-V Pharmaceutical Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592 (8th Cir. 2011). The evidence must be viewed in the light most favorable to the plaintiff and all factual conflicts must be resolved in its favor. *Id.*

The United States alleges that "Vision Unlimited lists its address as Mitchell, South Dakota, within this judicial district" (filing 30 at 2, ¶ 8), that "Raymond Ehrman resides in Freeman, South Dakota, within this judicial district" (filing 30 at 3, ¶ 9), and that the real property which is subject to the federal tax liens is "located in Aurora County, South Dakota, within this judicial district" (filing 30 at 3, ¶ 10). Ehrman has not indicated in what respect personal jurisdiction is lacking over him, nor has he presented any evidence on this issue. However, the signature block on the motion to dismiss shows a mailing address for Ehrman in Freeman, South Dakota (filing 35 at 6), and a document attached to the motion, responding to the United States' notices of federal tax liens (and claiming damages) was signed by Ehrman as Trustee of Vision Unlimited on July 27, 2010, "Near Stickney, South Dakota" (filing 35-3 at 2). The lien notices are also attached as exhibits and show that the real property which is

subject to the federal tax liens is located in Stickney, Aurora County, South Dakota. Considering the pleadings and this evidence, it appears personal jurisdiction exists.

*Rule 12(b)(3), Improper Venue*

Venue is proper because the defendants are residents of South Dakota and the property which is subject to the federal tax liens is located in South Dakota. *See Craig*, 1995 WL 55166, *1 ("Venue was proper in the federal district court for North Dakota, the district where the Craigs resided."); *United States v. Selland*, 5 F.3d 533, 1993 WL 347197, *1 (8th Cir. 1993) (Table) ("Because the property subject to foreclosure was located in the District of North Dakota, venue was proper in the court there.").

*Rule 12(b)(6), Failure to State a Claim*

Ehrman makes a frivolous argument that "[a]ny action under 7403(b) [*sic*][2] is clearly Territorially Applied by the definitions in Section 7701 (9)(10) [*sic*], which limits the action in the District of Columbia" (filing 35 at 3, ¶ 6). Section 7403(b) merely provides that "[a]ll persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto," 26 U.S.C. § 7403(b), while the definitional sections indicate that "[t]he term 'United States' when used in a geographical sense includes only the States and the District of Columbia,"

---

[2] Perhaps Ehrman intended to reference Section 7403(a), which provides that "[i]n any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability." 26 U.S.C. § 7403(a). This and other sections clearly establish that the United States government is the real party in interest in an action to enforce a federal tax lien.

-4-

26 U.S.C. § 7701(a)(9), and "[t]he term 'State' shall be construed to include the District of Columbia, where such construction is necessary to carry out provisions of this title" 26 U.S.C. § 7701(a)(10).  This statutory language provides no support for the contention that lien enforcement actions are limited to the District of Columbia.[3] "The terms 'includes' and 'including' when used in a definition contained in [Title 26] shall not be deemed to exclude other things otherwise within the meaning of the term defined."  26 U.S.C. § 7701(c).

Equally spurious is Ehrman's contention that "Title 4, Section 72, clearly limits who, how, when, why and where [IRS] Agents can act for the United States of America outside the area known as the District of Columbia." (Filing 35 at 3, ¶ 6) This statute provides that "[a]ll offices attached to the seat of government shall be exercised in the District of Columbia, and not elsewhere, except as otherwise expressly provided by law." 4 U.S.C. § 72.  The President is authorized to establish internal revenue districts for the purpose of administering the internal revenue laws, and these districts can be created outside of Washington, D.C. See 26 U.S.C. § 7621.

Similarly, Ehrman wrongly contends that Section 6331(a)[4] "limits levy actions to properties already held by the United States Treasury belonging [to] or obligating

---

[3] To the extent Ehrman may be contending that federal income tax laws are not applicable to state residents because federal jurisdiction is limited to the District of Columbia (and United States territories), such argument also "has no semblance of merit." *In re Becraft*, 885 F.2d 547, 548 n. 2 (9th Cir. 1989).

[4] Section 6331(a) provides in part that "[i]f any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax . . . by levy upon all property and rights to property . . . belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer (as defined in section 3401(d)) of such officer, employee, or elected official."  26 U.S.C. 6331(a).

to [sic] Officers and employees of the United States, in the District of Columbia." (Filing 35 at 3, ¶ 6) All taxpayers are subject to levy for deficiencies under § 6331. *See Sims v. United States*, 359 U.S. 108, 112-13 (1959) (explaining that § 6331 specifically names government employees and agents in response to earlier Supreme Court case which held that "federal disbursing officer might not, in the absence of express congressional authorization, set off an indebtedness of a federal employee to the Government against the employee's salary").

There is no basis for Ehrman's assertion that the amended complaint fails to identify the taxes and liens at issue in this case. Paragraphs 13, 17, and 21 through 28 of the amended complaint describe in great detail the taxes and related liens and notices filed in Aurora County, South Dakota. Although Ehrman apparently believes the lien notices are defective because they describe the "kind of tax" as "1040," this description has been consistently upheld by the courts. *See, e.g., Marranca v. United States I.R.S.*, 2009 WL 909642, *7 (W.D.N.Y. 2009) ("It is clear that '1040,' which is the well known number of the form used by most individuals filing federal income tax returns, is employed simply as a shorthand to describe the type of tax that is due and owing. Petitioner's suggestion that the Notice of Levy is an uttered instrument because it references 'a type of tax that does not exist' is wholly without merit."); *Pursell v. United States*, 1995 WL 273175, *6, n. 10 (E.D.Cal. 1995) (where notices described the "kind of tax" as "1040," it was "inconceivable that plaintiff . . . was not aware that the levy notices pertained to his income tax liability"); *Erickson v. Luke*, 878 F.Supp. 1364, 1369 (D.Idaho 1995) ([T]he Court finds that '1040' is—for the purposes of notice of levy and notice of federal tax lien forms—sufficient to give notice that the kind of tax claimed due and owing is individual income tax.").[5]

---

[5] Ehrman's additional argument that the amended complaint "fails to state whether the 'Income Tax' is that of Section 1 [individual income tax] or 11 [corporate income tax]" (filing 35 at 4-5, ¶ 11) is likewise without merit. Even if this were a pleading requirement, the "1040" description is sufficient to identify the applicable Internal Revenue Code section.

There also is no merit to a statute of limitations defense.  The South Dakota statute of limitations does not apply in this case.  "It is well established that the United States is not bound by state statutes of limitation or the defense of laches in enforcing its rights." *United States v. Summerlin*, 310 U.S. 414, 416 (1940).  The applicable limitations period under the Internal Revenue Code is "within 10 years after the assessment of the tax." 26 U.S.C. § 6502(a).  Because this action was brought within 10 years of the dates of the tax assessments against Duane Kuyper and the Kuyper Family Living Trust, as alleged in paragraphs 13 and 17 of the amended complaint,[6] the government's claims are timely.

Finally, Ehrman argues that the amended complaint fails to state a claim upon which relief can be granted because "[a]ll claims attempted to be made . . . are already set off with claims of greater value and amounts." (Filing 35 at 5, ¶ 14)  Setoff "is an affirmative defense that cannot be raised on a Rule 12(b)(6) motion when, as here, the validity of the defense is not apparent on the fact of the complaint." *In re Trinity Innovative Enterprises, LLC*, 2010 WL 5462495, *5 n.7 (Bkrtcy. E.D.Pa. 2010).

*Rule 12(b)(7), Failure to Join a Party*

Ehrman claims the amended complaint is defective because "the 'Internal Revenue Service' and 'Department of the Treasury', with offices in Omaha and in Cincinnati, are not listed as Plaintiffs, nor is the 'United States'[7] and 'Attorney General' that is referenced in the Amended Complaint."  (Filing 35 at 3, ¶ 4) This

---

[6] The earliest assessment was made on December 4, 2001 (filing 30 at 5, ¶ 17). This action was commenced on December 1, 2011 (filing 1).

[7] Ehrman's contention that "United States" and "United States of America" are not synonymous is misguided.  *See, e.g., United States v. Dawes*, 161 Fed.Appx. 742, 745-46, 2005 WL 3278027, *2 (10th Cir. 2005) (Table) (describing as "legally frivolous" and "not merit[ing] further comment" defendant's arguments that "United States of America" and "United States" were not synonymous, and that United States of America was not the proper plaintiff under 28 U.S.C. § 1345).

argument apparently relates to an allegation in the amended complaint that the action "has been requested and authorized by the Chief Counsel of the Internal Revenue Service and is brought at the direction of a delegate of the Attorney General of the United States." (Filing 30 at 1, ¶ 2) Such allegation merely demonstrates compliance with 26 U.S.C. § 7401, which states that "[n]o civil action for the collection or recovery of taxes . . . shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced."  Ehrman also asserts that an IRS employee who was involved in administrative collection procedures prior to the filing of this suit is a "claimant[ ] that should be made a party" (filing 35 at 5, ¶ 13)  Such individual is not a claimant, *see* 26 U.S.C. § 7403(b) (identifying necessary parties), and does not belong in the lawsuit.

Accordingly,

IT IS ORDERED that the motion to dismiss filed by Defendant Raymond Ehrman as Trustee of Vision Unlimited (filing 35) is denied in all respects.

May 29, 2012.                              BY THE COURT:

                                            *Richard G. Kopf*
                                           Senior United States District Judge

---

* This opinion may contain hyperlinks to other documents or Web sites.  The court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.