IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:11CV4170 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| DUANE L. KUYPER individually | ) | |
| and as Trustee of KUYPER FAMILY | ) | |
| LIVING TRUST; MARY L. | ) | |
| KUYPER individually and as Trustee | ) | |
| of KUYPER FAMILY LIVING | ) | |
| TRUST; KUYPER FAMILY | ) | |
| LIVING TRUST; VISION | ) | |
| UNLIMITED; and RAYMOND | ) | |
| EHRMAN as Trustee of VISION | ) | |
| UNLIMITED, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action in which the United States seeks to reduce to judgment federal income tax assessments made against Duane Kuyper and Kuyper Family Living Trust and to foreclose federal tax liens against certain real property located in Stickney, South Dakota. Duane Kuyper's wife, Mary, and a second trust, Vision Unlimited, may also claim interests in the real property. As outlined below, little progress has been made in the case since its commencement on December1, 2011.

On December 29, 2011, an answer and third-party complaint (Docket no. 9) was filed by Raymond Ehrman, who alleged that he was the trustee of Vision Unlimited,[1] and by Duane and Mary Kuyper, in their individual capacities only. All

---

[1] The complaint (Docket no. 1) identified Curtis Cavett as the trustee.

appeared *pro se* (*i.e.*, without counsel).[2] Named as third-party defendants in this pleading were James M. Daugherty, Brendan V. Johnson, Daniel A. Applegate,[3] the Internal Revenue Service, the United States District Court for the District of South Dakota,[4] the Office of the Inspector General, and the Congress of the United States.

On January 13, 2012, the United States filed a motion (Docket no. 20) to strike the answer and third-party complaint. For the most part, the motion was granted: The third-party complaint was stricken in its entirety; Ehrman was declared a non-party; the Kuypers' answer was stricken except insofar as they entered a general denial; and a request for change of venue (to Washington, D. C.) was denied. *See* Memorandum and Order entered February 29, 2012 (Docket no. 24).

Notwithstanding the court's order and the previously filed answer, a motion to dismiss the complaint was filed by Ehrman and the Kuypers on March 6, 2012 (Docket no. 25). This *pro se* motion was summarily denied on April 2, 2012, but, upon the request of the United States, leave was granted for the filing of an amended

---

[2] This Latin term literally means "for oneself" or "on one's own behalf." *See* Black's Law Dictionary (9th ed. 2009). As will be discussed later in this opinion, the Kuypers and Ehrman are prohibited from signing and filing *pro se* pleadings or motions on behalf of Vision Unlimited and Kuyper Family Living Trust.

[3] Mr. Daugherty is an IRS agent. Mr. Johnson is United States Attorney for the District of South Dakota. Mr. Applegate is the attorney of record for the United States in this matter.

[4] On January 11, 2012, all judges from the District of South Dakota were recused from hearing or determining any proceeding in this matter (Docket no. 19). On January 17, 2012, the undersigned was designated and assigned by the Chief Judge of the United States Court of Appeals for the Eighth Circuit to preside over this matter (Docket no. 21). On January 27, 2012, the Kuypers and Ehrman filed a "notice of exception to designation of judge" (Docket no. 22). Treated as a motion, such filing was denied on February 29, 2012.

complaint in which Ehrman was substituted as the trustee of Vision Unlimited. *See* Memorandum and Order entered April 2, 2012 (Docket no. 29).

The amended complaint (Docket no. 30) was filed on April 3, 2012. A few days later, on April 6, 2012, the clerk of the court entered default against Kuyper Family Living Trust (Docket no. 33).[5]

On April 25, 2012, Ehrman, as trustee of Vision Unlimited, filed a motion (Docket no. 35) to dismiss the amended complaint on numerous grounds.[6] The motion was denied in all respects for reasons stated in the court's Memorandum and Order entered on May 29, 2012 (Docket no. 40).

On June 13, 2012, an "answer and counterclaim" (Docket no. 41) was filed. This *pro se* pleading was signed by Ehrman, as trustee of Vision Unlimited and as "reactivated" trustee of Kuyper Family Living Trust, and also by the Kuypers, both personally and as officers of Vision Unlimited.[7]

On July 17, 2012, the United States filed a motion "to dismiss the counterclaim filed by Raymond Ehrman, Duane L. Kuyper, and Mary L. Kuyper for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(1) and (6)," and, "pursuant to Federal Rule of Civil Procedure 14(a)(4) to strike the counterclaim to the extent that it is actually a third-party complaint, seeking to add as third-party defendants Judge Richard G. Kopf

---

[5] Kuyper Family Living Trust was named as a defendant in both the original complaint and the amended complaint, and the Kuypers were also sued in their capacities as trustees.

[6] The Kuypers did not join in the motion but merely signified they "concur[red] with the motion to dismiss." (Docket no. 35 at 6)

[7] The Kuypers have not been sued in their alleged capacity as officers of Vision Unlimited, nor has Ehrman been sued as a trustee of Kuyper Family Living Trust.

-3-

and Revenue Officer James Daugherty." (Docket no. 42 at 1-2) This motion is now before the court, along with two subsequently filed motions.

On July 26, 2012, Ehrman and the Kuypers, again appearing *pro se* and in the same capacities as before, filed an "amended answer and counterclaim" (Docket no. 43) in response to the government's motion to dismiss.[8] On August 13, 2012, the United States filed a motion (Docket no. 44) to dismiss or to strike the amended counterclaim and renewed its previously filed motion (Docket no. 42). A counter-motion "to require reply to counterclaim" (Docket no. 45) was then filed by the defendants on August 8, 2012.

## ***DISCUSSION***

On the court's own motion, the answers and counterclaims filed by Ehrman as trustee of Vision Unlimited, and by the Kuypers as officers of Vision Unlimited, will be ordered stricken because the trust and trustee may only appear in this action though a licensed attorney. Also on the court's own motion, the answers and counterclaims filed by Ehrman as "reactivated" trustee of Kuyper Family Living Trust will be ordered stricken for the same reason and, in addition, because default was entered against Kuyper Family Living Trust. Only the Kuypers appearing in their individual capacities will be permitted to proceed without counsel.[9]

---

[8] The amended pleading (Docket no. 43 at 33-38) adds paragraphs 107 through 123 to the counterclaim. Somewhat confusingly, the paragraph numbering does not follow a strict numerical sequence.

[9] Any and all *pro se* appearances previously or hereafter entered by Ehrman as a trustee of Vision Unlimited or Kuyper Family Living Trust, or by the Kuypers as officers of Vision Unlimited or as trustees of Kuyper Family Living Trust, or by any non-attorney attempting to appear on behalf of either trust entity, will not be recognized by the court.

The government's motions to dismiss or to strike the Kuypers' individual counterclaims will be granted in part.[10] The defendants' motion to require a responsive pleading to their counterclaims will be denied.

### 1. *Pro Se Pleadings*

Only a licensed attorney is permitted to represent Vision Unlimited and Kuyper Family Living Trust, or their trustees,[11] in this litigation. *See Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) (non-lawyer trustee cannot represent the trust in federal court); *Rowland v. California Men's Colony*, 506 U.S. 194, 202-03 (1993) (artificial entities may appear in federal courts only through licensed attorneys). Thus, Ehrman and the Kuypers are only permitted to represent their own individual interests. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). Ehrman, however, has not been named as a defendant in his individual capacity and has no personal stake in the matter.

The rule that "[a] person who has not been admitted to the practice of law may not represent anybody other than himself . . . exists to serve not only the interests of the represented party but also the interests of the adversaries and the court, because the entire judicial system benefits from the professional knowledge of practicing

---

[10] The government's motions in part will be denied without prejudice, as moot, with respect to any counterclaims dismissed *sua sponte* (*i.e.*, on the court's own motion).

[11] The capacity of a trustee to be sued in federal court is determined by the law of the state where the court is located. *See* Fed.R.Civ.P. 17(b)(3). Under South Dakota law "[a] trustee may prosecute or defend actions, claims or proceedings for the protection of trust assets or of himself in the performance of his duties." S.D.C.L. § 55-1A-32.

attorneys." *[Guest v. Hansen](), 603 F.3d 15, 20 (2d Cir. 2010)* (internal quotations and citations omitted). Accordingly, a federal court will consider whether all parties before it are properly represented even in cases where the parties themselves do not raise the issue. *See id.* (considering *sua sponte* whether administrator of estate could appear *pro se*); *see also [Stack v. Saunders County Corrections](), No. 4:11CV3197, 2012 WL 479692, \*2 (D.Neb. Feb. 13, 2012)* (*sua sponte* dismissal of claims filed by non-attorney on behalf of others).

Although the court previously considered a *pro se* motion to dismiss that was filed by Ehrman as trustee of Vision Unlimited (Docket no. 35), this was done in error— the motion should have been stricken as an unauthorized filing rather than being denied on the merits. To correct this error, the motion to dismiss now will be ordered stricken.[12]

The "answer and counterclaim" filed *pro se* on June 13, 2012 (Docket no. 41), and the "amended answer and counterclaim" filed *pro se* on July 26, 2012 (Docket no. 43), likewise are improper insofar as such pleadings are made by Ehrman as trustee of Vision Unlimited and "reactivated" trustee of Kuyper Family Living Trust,[13] and by the Kuypers as officers of Vision Unlimited. These *pro se* pleadings are allowable only to the extent that they are filed by the Kuypers in their individual capacities. In all other respects, they will be ordered stricken.

---

[12] To the extent that the Kuypers, in their individual capacities, might be deemed to have joined in the motion to dismiss by noting their "concur[rence] with the motion to dismiss" (Docket no. 35 at 6), the rulings made in the court's Memorandum and Order entered on May 29, 2012 (Docket no. 40), will be binding upon them.

[13] Also, the clerk of the court entered default against Kuyper Family Living Trust on April 6, 2012. Unless and until that entry of default is set aside, *see* [Federal Rule of Civil Procedure 55(c)](), no pleading may be filed by or on behalf of Kuyper Family Living Trust.

The claims that will be stricken as improper *pro se* pleadings include a claim for damages that Ehrman attempts to bring in his capacity as a trustee but that only concerns an alleged violation of his individual rights. This claim appears at pages 36 and 37 of the amended counterclaim (Docket no. 43, ¶¶ 116-118) and relates to an arrest warrant issued on July 20, 2012, as the result of an indictment that was filed against Ehrman in federal court. Apart from being an improper *pro se* pleading, this claim is subject to dismissal on the court's own motion for lack of jurisdiction because Vision Unlimited and Kuyper Family Living Trust (and their trustees or officers) do not have standing to sue on Ehrman's personal behalf.[14]

### 2. *The Government's Motions to Strike*

The *pro se* pleading filed by Ehrman on behalf of Vision Unlimited and Kuyper Family Living Trust, which is adopted by the Kuypers "personally and as current Officers for Vision Unlimited" (Docket nos. 41 and 43, ¶ 95), identifies Revenue Officer James Daugherty as "the real party in interest, . . . chief actor and only real claimant of record against Vision Unlimited, on which this action is based[,]" and states that "Mr. James Daugherty is now made a real unseparated party, along with a judicial officer-Richard G. Kopf, who thus far signed two 'orders' now found wanting (all hereafter, 'Plaintiff', whether this Court or whoever likes it or not) . . .." (*Id.* at 1) Ehrman's counterclaim states that 'Plaintiff, United States of America, . . . includ[es] and incorporat[es] all of the following: 'United States', 'Internal Revenue Service', Cincinnati Office, Omaha Office, Mr. James Daugherty, personal and Revenue Officer, and finally Chief Special Procedures Function for the Internal Revenue Service System[.]" (*Id.*, ¶¶ 73, 78)

---

[14] Standing is a jurisdictional requirement that "can be raised by the court *sua sponte* at any time during the litigation." *Delorme v. United States*, 354 F.3d 810, 815 (8th Cir. 2004). As a general rule, to establish standing a [party] must assert his legal rights or interests and not "the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975).

Claiming that the federal tax liens are unlawful, Ehrman seeks to recover damages in the amount of $1,812,987.00[15] for Vision Unlimited (*see id.*, ¶¶ 73-77, 112) and in the amount of $490,612.38[16] for Kuyper Family Living Trust (*see id.*, ¶¶ 78-87, 113, 114). These claims are asserted only on behalf of the trusts; the Kuypers do not allege that they are seeking damages in their individual capacities regarding any liens that were filed against real property.[17] In addition, Ehrman seeks to recover damages in the amount of $131,258.90[18] for Kuyper Family Living Trust regarding past-due tax notices that it received. Again, the Kuypers do not allege that they are seeking damages in their individual capacities regarding this particular claim.[19] Duane Kuyper, however, is asserting a similar claim regarding past-due tax notices that he personally received. (*See id.*, ¶¶ 102, 103)

---

[15] The claimed damages evidently are equal to three times the amount of four tax lien notices that allegedly were filed in June 2010. *See* Exhibit A to counterclaim (Docket no. 41-1), a so-called "declaration of claim by right and right to cure" signed by Ehrman, as trustee of Vision Unlimited, on July 27, 2010.

[16] The claimed damages evidently are equal to three times the amount of two tax lien notices that allegedly were filed in June 2010. *See* Exhibit B to counterclaim (Docket no. 41-2), a so-called "declaration of claim by right and right to cure" signed by Ehrman, as "reactivated" trustee of Kuyper Family Living Trust, on July 27, 2010.

[17] Had the Kuypers joined in these claims, I would also dismiss the claims on the merits for the reasons stated in my Memorandum and Order entered on May 29, 2012 (Docket no. 40).

[18] A letter sent to the IRS on May 15, 2011, which was signed by Ehrman as "reactivated" trustee of Kuyper Family Living Trust, references "notice of intent" letters from the IRS dated May 9, 2011, claiming "'Amount due: $119,327.19' . . . for years [sic] 2000." Exhibit C to counterclaim (Docket no. 41-4). The damages sought in the counterclaim evidently are equal to this amount "plus 10% penalty." *See id.*

[19] Again, had the Kuypers joined in this claim, I would also dismiss it on the merits for the reasons stated in my Memorandum and Order entered on May 29, 2012 (Docket no. 40).

Ehrman also "add[s] to the Counterclaim this claim against Richard G. Kopf and his MEMORANDUM AND ORDER dated May 29, 2012, now part of Plaintiff and this counterclaim against Plaintiff." (*Id.*, ¶ 88) He claims that the memorandum and order, in which I denied his motion to dismiss the amended complaint, "is arrested and is void for ruling beyond authorized powers and in breach of oath of office, and Trial by Jury should or will determine damages done by the Plaintiff for forcing the unlawful order." (*Id.* at 33) Although it is unclear from the pleadings, I will assume that the Kuypers join in this claim in their individual capacities.

In the amended pleading Ehrman includes a supplemental claim that he was unlawfully arrested in July 2012 at the request of the United States Attorney.[20] (*See* Docket no. 43, ¶¶ 116-118) Damages in the amount of $1,000 per day are sought. (*Id.*, ¶ 118)

The Kuypers "state additional causes of action and right of action as part of [their] Counterclaim[.]" (Docket nos. 41 and 43, ¶ 95) First, Duane Kuyper alleges that a federal tax lien levy on a CorTrust Bank account containing $5,000.00 was unlawful and he seeks treble damages. (*See id.*, ¶¶ 96, 98) Second, Mary Kuyper alleges that a federal tax lien levy on a NorWest Bank account containing $500.00 was unlawful and she seeks treble damages. (*See id.*, ¶¶ 97B, 98B) Third, Duane Kuyper claims Social Security payments of $21,762.00 and $779.20 were unlawfully withheld, and he seeks treble damages. (*See id.*, ¶¶ 99-101) Fourth, and finally, Duane Kuyper claims damages of $1,233,517.75 for "harassment and false filing" by the IRS regarding notices he received for unpaid taxes. (*See id.*, ¶¶ 102, 103; Docket no. 41-6 (Exhibit E))

The United States "moves pursuant to Federal Rule of Civil Procedure 14(a)(4) to strike the counterclaim to the extent that it is actually a third-party complaint,

---

[20] As discussed above, this claim will be stricken as an improper *pro se* pleading and also dismissed for lack of standing.

seeking to add as third-party defendants Judge Richard G. Kopf and Revenue Officer James Daugherty." (Docket no. 42 at 1-2)[21] The government's motions to strike will be granted except insofar as the court on its own motion has already dismissed parts of the counterclaim,[22] thereby rendering the motions partially moot.

A counterclaim is made against an "opposing party." *See* Fed.R.Civ.P. 13. Daugherty and myself[23] are not plaintiffs in this action, so the claims alleged against us by the defendants do not qualify as "counterclaims." The claims also fail to meet the requirements for a third-party complaint, which may only be filed against "a nonparty who is or may be liable to [a defending party] for all or part of the claim against [such defendant]." Fed. R. Civ. P. 14(a)(1). "Thus, a third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto." *Mattes v. ABC Plastics, Inc.* 323 F.3d 695, 698 (8th Cir. 2003) (quoting *Stewart v. American Intern. Oil & Gas Co.*, 845 F.2d 196, 199-200 (9th Cir. 1988)). "Rule 14(a) does not allow

---

[21] The government's motion to strike the amended counterclaim (Docket no. 44 at 2) incorporates by reference the matters stated in its previously filed motion.

[22] For the reasons discussed above, any and all claims for relief alleged by Ehrman as trustee of Vision Unlimited or as "reactivated" trustee of Kuyper Family Living Trust, or by the Kuypers as officers of Vision Unlimited, will be stricken on the court's own motion. In other words, only the claims for relief alleged by the Kuypers in their individual capacities need to be examined in connection with the government's motions to strike and to dismiss.

[23] I am not required to recuse myself simply because I have been named in a frivolous "counterclaim." *See In re Taylor*, 417 F.3d 649, 652 (7th Cir.2005) ("[A] per se rule of disqualification [under 28 U.S.C. § 455] would allow litigants to judge shop by filing a suit against the presiding judge."); *United States v. Studley*, 783 F.2d 934, 940 (9th Cir.1986) ("A judge is not disqualified [under 28 U.S.C. § 144] by a litigant's suit or threatened suit against him."). *Accord, United States v. Watson*, 1 F.3d 733, 735 (8th Cir. 1993) (district court judge not disqualified from presiding over prosecution of defendant even after defendant sued judge in state court).

the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim." *Id.* (quoting *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987)). Because the defendants are not alleging that Daugherty or myself may be liable to them for any claims that the United States is asserting in this action to reduce tax assessments to judgment and to foreclose federal tax liens, the motion to strike will be granted. *See* Fed.R.Civ.P. 14(a)(4) ("Any party may move to strike the third-party claim[.]").

### 3. *The Government's Motions to Dismiss*

The United States also "moves to dismiss the counterclaim filed by Raymond Ehrman, Duane L. Kuyper, and Mary L. Kuyper for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(1) and (6)." (Docket no. 42 at 1)[24] The governments' motions to dismiss will be granted in part and denied in part without prejudice.[25]

---

[24] Again, this language is incorporated by reference into the government's motion to strike and to dismiss the amended counterclaim (Docket no. 44).

[25] The motion to dismiss will be denied without prejudice, as moot, with respect to the claims for relief that will be stricken on the court's own motion (*i.e.*, claims alleged *pro se* by Ehrman as trustee of Vision Unlimited or as "reactivated" trustee of Kuyper Family Living Trust, or by the Kuypers as officers of Vision Unlimited. The stricken claims include the following portions of the defendants' pleadings: (1) paragraphs 1-72 of Docket nos. 41 and 43 ("answer") to the extent alleged on behalf of Vision Unlimited or Kuyper Family Living Trust; (2) paragraphs 73-77 of Docket nos. 41 and 43 (the so-called "first part of counterclaim" alleged on behalf of Vision Unlimited) and paragraph 112 of Docket no. 43 (referencing paragraph 73); (3) paragraphs 78-87 of Docket nos. 41 and 43 (the so-called "second part of counterclaim" alleged on behalf of Kuyper Family Living Trust) and paragraphs 113-114 of Docket no. 43 (referencing paragraphs 78 and 83); (4) paragraphs 88-94 of Docket nos. 41 and 43 and paragraph 115 of Docket no. 43 (referencing paragraph 88) to the extent alleged on behalf of Vision Unlimited or Kuyper Family Living Trust; (5) paragraphs 116-118 of Docket no. 43 ("false arrest" claim); and (6) paragraphs

The government contends dismissal for lack of subject matter jurisdiction is appropriate because

> [t]he Kuypers' counterclaim, seeking to restrain the IRS's collection of tax assessments made against the Kuypers through a levy, is barred by both the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Anti-Injunction Act, 26 U.S.C. § 7421. Pursuant to 28 U.S.C. § 2201(a), a federal district court has no power to enter a declaratory judgment 'with respect to federal taxes.' *See Dickens v. United States*, 671 F.2d 969, 970, 972 (6th Cir. 1982) (stating that a suit with respect to federal taxes is prohibited under the Declaratory Judgment Act, 28 U.S.C. § 2201). Further, the Anti-Injunction Act, 26 U.S.C. § 7421, prohibits lawsuits 'for the purpose of restraining the assessment or collection of any tax . . .' with limited enumerated exceptions which are not relevant to this lawsuit.[26] *Jericho Painting & Special Coating, Inc. v. Richardson*, 838 F.Supp. 626, 629 (D. D.C. 1993) (The Anti-Injunction Act 'extends not only to the assessment or collection of taxes, but also to the entire process involved in enforcing the revenue laws.')."

(Docket no. 42 at 5-6 (footnote omitted)). While I generally agree with these legal propositions,[27] I do not find in the Kuypers' pleading any request for declaratory or injunctive relief—they are only seeking to recover damages. Two sections of the

---

107-111 and 119-123 of Docket no. 43 to the extent alleged on behalf of Vision Unlimited or Kuyper Family Living Trust.

[26] The government notes there is also a narrow, judicially created exception which allows a suit for injunctive relief where it is clearly shown that the government cannot prevail and that irreparable harm will occur absent an injunction. *See Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1 (1962). This exception has no application in this case.

[27] *See, e.g., Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996) ("[T]he Declaratory Judgment Act, 28 U.S.C. § 2201(a), like the Anti–Injunction Act, 26 U.S.C. § 7421, forbids suits for the purpose of restraining the assessment or collection of any tax . . . .") (citing *Bob Jones Univ. v. Simon,* 416 U.S. 725, 732 n. 7 (1974)).

Internal Revenue Code that provide a limited waiver of sovereign immunity may apply to their claims as pleaded.

First, section 7433 allows a taxpayer to sue for damages if, in connection with tax collection activities, "any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of [the Internal Revenue Code] or any regulation promulgated under [the Code]." 26 U.S.C. § 7433(a). This provision may apply to Duane Kuyper's three claims. Second, section 7426 provides that "[i]f a levy has been made on property . . ., any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States." 26 U.S.C. § 7426(a)(1). This provision may apply to Mary Kuyper's claim that the IRS wrongfully levied on her bank account.[28]

Regarding the levies on their bank accounts, the Kuypers allege:

> 96-In Amended Complaint, United States of America Plaintiff attorney admits in paragraph 47, that on November 10, 2004, "IRS levied on the account" in CorTrust Bank, and stole over $5,000.00, as verified by copy of bank statement.
>
> 97-Plaintiff knew that levy can only be done by the Secretary, and Levy(only) may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, as legislated by Congress in Section 6331(a) and clearly described in paragraph (a), known by the Plaintiff and all its

---

[28] Both provisions require exhaustion of administrative remedies. *See* 26 U.S.C. § 7426(h)(2); 26 U.S.C. § 7433(d)(1). Section 7426 is subject to a 9-month limitations period. *See* 26 U.S.C. § 6532(c). Section 7433 contains a 2-year statute of limitations. *See* 26 U.S.C. § 7433(d)(3). Neither provision allows suit to be brought against an individual IRS agent. *See* 26 U.S.C. § 7426(d); 26 U.S.C. § 7433(a).

agents, but intentionally not published with any "Notice of Levy", so as to hid[e] from any victim knowledge of the law as legislated by Congress.

97B-Sim[i]lar criminal act was done, taking money from Mary Kuyper account at NorWest Bank in an amount estimated at $500.00 in Lawful Money of the United States.

98-Plaintiff owes Duane Kuyper $5,000.00 x 3 = $15,000.00 in Lawful Money of the United States, for the indiscretion of its agents in the levy done on November 10, 2004.

98B-Plaintiff owes Mary Kuyper estimated at $500.00 x 3 = $1500.00 for stolen money out of the account in NorWest Bank at about the same time, all in Lawful Money of the United States.

(Docket no. 41 at 34; Docket no. 43 at 39-40)

The defendants' contention that only federal employees' wages are subject to levy actions was previously raised in Ehrman's motion to dismiss. I rejected this argument, stating:

. . . Ehrman wrongly contends that Section 6331(a) "limits levy actions to properties already held by the United States Treasury belonging [to] or obligating to [*sic*] Officers and employees of the United States, in the District of Columbia." (Filing 35 at 3, ¶ 6) All taxpayers are subject to levy for deficiencies under § 6331. *See Sims v. United States,* 359 U.S. 108, 112-13 (1959) (explaining that § 6331 specifically names government employees and agents in response to earlier Supreme Court case which held that "federal disbursing officer might not, in the absence of express congressional authorization, set off an indebtedness of a federal employee to the Government against the employee's salary").

(Memorandum and Order entered on May 29, 2012 (Docket no. 40) at 5-6 (footnote omitted)). The argument that "levy can only be done by the Secretary" likewise has no merit. "The term 'Secretary' means the Secretary of the Treasury *or his delegate*."

-14-

26 U.S.C. § 7701(a)(11)(B). *See also* Albers v. I.R.S., No. 4:CV95-3068, 1996 WL 196657, *7 (D.Neb. Feb. 15, 1996) (rejecting these same arguments). I therefore find and conclude that the defendants have failed to state a claim upon which relief can be granted regarding the levies on their bank accounts.

Duane Kuyper also complains about a portion of his social security payments being attached by the IRS, alleging:

> 99-Further, IRS has used force to require SOCIAL SECURITY ADMINISTRATION, WESTERN PROGRAM SERVICE CENTER, PO BOX 2912, RICHMOND, CA 94802-1912, to unlawfully turn over portions of Title 42, Subchapter II, Section 407(a) payments, without consent of Duane Kuyper. See Exhibit D.
>
> . . .
>
> 101-The amount unlawfully executed, levied, attached totals $21,762.00, plus another $779.20, as of July 23, 2012. For this unlawful and deliberate violation of Title 42, Section 407(a), a Trial by Jury should determine 3 times the amount as damages for clear violation of their own law legislated by Congress.

(Docket no. 41 at 34-35; Docket no. 43 at 40)

Exhibit D is a letter dated December 31, 2010, in which Duane Kuyper argued that the "attachment to Social Security payments is not only in violation of 42 USC 407, but is in fact an unlawful Territorial Application of the very Tax that is alleged to be owed into the 50 States, when Section 7701(9)(10) only applied the SUBTITLE A, Section 1 and 11 to the District of Columbia." (Docket No. 41-5 at 1) For the reasons stated below, I find and conclude that Duane Kuyper has again failed to state a claim upon which relief can be granted.

It is true that social security benefits generally "are not subject to execution, levy, attachment or other legal process," 42 U.S.C. § 407(a), but this protection can

be limited, superseded, or modified by another federal law which "makes express reference to this section." 42 U.S.C. § 407(b). The Internal Revenue Code is such a law, as it expressly provides that "[n]otwithstanding any other law of the United States (including section 207 of the Social Security Act),[29] no property or rights to property shall be exempt from levy other than the property specifically made exempt in subsection (a)" of section 6334 of the Internal Revenue Code. 26 U.S.C. § 6334(c). Section 6334(a) does not exempt social security benefits.

The argument about "an unlawful Territorial Application" was also raised in Ehrman's motion to dismiss and was determined to be without merit. As I explained in the previous opinion, "the definitional sections indicate that '[t]he term "United States" when used in a geographical sense includes only the States and the District of Columbia,' 26 U.S.C. § 7701(a)(9), and '[t]he term "State" shall be construed to include the District of Columbia, where such construction is necessary to carry out provisions of this title' 26 U.S.C. § 7701(a)(10). This statutory language provides no support for the contention that lien enforcement actions are limited to the District of Columbia." (Memorandum and Order entered on May 29, 2012 (Docket no. 40) at 4-5). Additionally, I held that "[t]o the extent Ehrman may be contending that federal income tax laws are not applicable to state residents because federal jurisdiction is limited to the District of Columbia (and United States territories), such argument also 'has no semblance of merit.' *In re Becraft*, 885 F.2d 547, 548 n. 2 (9th Cir. 1989)." (*Id*. at 5 n. 3)

Although Ehrman contends my ruling was erroneous for a variety of reasons *(see* paragraphs 89 through 94 of Docket nos. 41 and 43), it decidedly was not. The statutory interpretations upon which he relies uniformly have been rejected by the federal courts. To the extent that the Kuypers individually join in the so-called "counterclaim" against my denial of Ehrman's motion to dismiss, I reaffirm what was

---

[29] Section 207 of the Social Security Act has been codified and renumbered as 42 U.S.C. § 407.

stated in the Memorandum and Order entered on May 29, 2012 (Docket no. 40), and note that the attempt to recover damages on account of the adverse ruling—in addition to being an improper third-party claim—is absolutely barred by the doctrine of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (judge is immune from suit unless actions were non-judicial or taken in complete absence of all jurisdiction).

Finally, Duane Kuyper alleges:

> 102-On September 4, 2008, in response to September 29, 2008 "Reminder: You owe past due taxes for 2000 and 2001", I, Duane Kuyper, did state a COUNTERCLAIM in the amount of $1,233,517.75, this now claimed "in Lawful Money of the United States".

(Docket no. 41 at 35; Docket no. 43 at 40) This allegation relates to Exhibit E, a letter in which Duane Kuyper gave the IRS "notice of another newly amended 7433 claim billing for harassment and false billing." (Docket no. 41-6 at 1) The amount of the claim, $1,233,517.75, was stated the "represent[ ] the amount of [the IRS's] false claim, plus $ l,000,000, plus 10%." (*Id.*) An IRS official was requested to sign an affidavit stating, among other things, that "the calculated tax was executed by a certified lawful [Form] 23C and Certificate of Assessment for the year[s] 2000 and 2001, and is in compliance with the 1949 Code of Federal Regulations for Title 26, Section 29.22(b)-1." (*Id.*, at 3) Failure to return the affidavit within 5 days purportedly would be "sufficient evidence to establish that no lawful claim . . . exist[s] for the United States against DUANE KUYPER" and that the notices of past due taxes "were fraudulent and invalid AND in violation of state and federal law." (*Id.*)

These allegations are not sufficient to state a claim upon which relief can be granted. Silence of the IRS does not constitute an admission of the truth of any statements made in Mr. Kuyper's letter, nor an acceptance of his claim for damages. *See, e.g., Martin v. United States*, 102 Fed.Cl. 779, 785-86 (2012). No reckless, intentional, or negligent misconduct in connection with the collection of taxes is

alleged. Instead, Duane Kuyper is claiming that the tax assessments were invalid. A suit for damages for improper determination or assessment of taxes is not permitted under section 7433. *See Miller v. United States*, 66 F.3d 220, 223 (9th Cir. 1995). The statute applies only to collection activities. *Noske v. United States*, 1993 WL 264531, *2, 998 F.2d 1018 (8th Cir. 1993) (Table) (citing *Miller* with approval).

## *CONCLUSION*

In summary, all "counterclaims" (Docket no. 41, paragraphs 65 through 106; Docket no. 43, paragraphs 65 through 123) will either be stricken or dismissed. Thus, the defendants' operative pleading will be the "answer" (Docket nos. 41 and 43, paragraphs 1 through 64) filed by the Kuypers in their individual capacities only. The defendant trusts must be represented by licensed attorneys in this action, and Kuyper Family Living Trust cannot participate unless and until its default is set aside.

IT IS ORDERED:

1. The motion to dismiss filed on April 25, 2012, by Raymond Ehrman, as trustee of Vision Unlimited (Docket no. 35), is stricken *sua sponte* from the court file.

2. The answer and counterclaim filed on June 13, 2012 (Docket no. 41), is stricken *sua sponte* from the court file except to the extent such *pro se* pleading is made by Duane Kuyper in his individual capacity and Mary Kuyper in her individual capacity. More particularly:
    a. Paragraphs 1 through 72 and 88 through 94 are stricken insofar as they are alleged on behalf of Vision Unlimited or Kuyper Family Living Trust.
    b. Paragraphs 73 through 87 are stricken in their entirety.
    c. Paragraphs 95 through 106, which are only alleged by the Kuypers individually, are not stricken.

3. The amended answer and counterclaim filed on July 26, 2012 (Docket no. 43), is stricken *sua sponte* from the court file except to the extent such *pro se* pleading is made by Duane Kuyper in his individual capacity and Mary Kuyper in her individual capacity. More particularly:

    a. Paragraphs 1 through 72, 88 through 94, and 107 through 115, and 119 through 123 are stricken insofar as they are alleged on behalf of Vision Unlimited or Kuyper Family Living Trust.

    b. Paragraphs 73 through 87 and 116 through 118 are stricken in their entirety.

    c. Paragraphs 95 through 106, which are only alleged by the Kuypers individually, are not stricken.

4. The plaintiff's motions to dismiss and to strike (Docket nos. 42 and 44) are granted in part an denied in part:

    a. The motions are denied in part without prejudice, as moot, to the extent that pleadings filed by Raymond Ehrman as trustee of Vision Unlimited and "reactivated" trustee of Kuyper Family Living Trust, and by Duane Kuyper and Mary Kuyper as officers of Vision Unlimited, have been ordered stricken by the court on its own motion. (*See* paragraphs 2 and 3 above.)

    b. In all other respects, the plaintiff's motions to dismiss and to strike are granted. More particularly:

        1. Paragraphs 88 through 94 of the defendants' "answer and counterclaim" (Docket no. 41) and "amended answer and counterclaim" (Docket no. 43) are stricken pursuant to Fed.R.Civ.P. 14(a), and neither James Daugherty nor Richard G. Kopf shall be a party to this action.

        2. Paragraphs 65 through 72 and 95 through 106 of the defendants' "answer and counterclaim" (Docket no. 41) are dismissed with prejudice pursuant to Fed.R.Civ.P. 12(b)(6).[30]

---

[30] Note that paragraphs 73 through 87 are stricken in their entirety on the court's own motion. *See* paragraph 2.b above.

3. Paragraphs 65 through 72, 95 through 115, and 119 through 123 of the defendants' "amended answer and counterclaim" (Docket no. 43) are dismissed with prejudice pursuant to Fed.R.Civ.P. 12(b)(6).[31]

5. The plaintiff may file a reply to the answer of Duane Kuyper and Mary Kuyper (Docket nos. 41 and 43, paragraphs 1 through 64), within 21 days.

6. The defendants' motion "to require reply to counterclaim" (Docket no. 45) is denied.

7. Vision Unlimited or its trustee shall be allowed 30 days in which to obtain counsel and to file an answer to the amended complaint, signed by counsel.

October 3, 2012.    BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

[31] Note that paragraphs 73 through 87 and 116 through 118 are stricken in their entirety on the court's own motion. *See* paragraph 3.b above.

---

\* This opinion may contain hyperlinks to other documents or Web sites. The court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.