IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA

| UNITED STATES OF AMERICA, | ) | 4:11CV4170 |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| DUANE L. KUYPER individually and as Trustee of KUYPER FAMILY LIVING TRUST; MARY L. KUYPER individually and as Trustee of KUYPER FAMILY LIVING TRUST; KUYPER FAMILY LIVING TRUST; VISION UNLIMITED; and RAYMOND EHRMAN as Trustee of VISION UNLIMITED, | ) | |
| Defendants. | ) | |

In this action the United States seeks to reduce to judgment tax assessments against Duane Kuyper and Kuyper Family Living Trust, and to foreclose related federal tax liens on certain real properties that were transferred by Duane and Mary Kuyper to Kuyper Family Living Trust and then to Vision Unlimited, another trust controlled by the Kuypers. The United States alleges that the trusts are alter egos, nominees, or transferees of Duane Kuyper, and that the true and beneficial owners of the real properties are Duane and Mary Kuyper.

Duane and Mary Kuyper, who are named as defendants in their individual capacities,[1] failed to appear for their noticed depositions on August 27, 2013. As a

---

[1] Default has been entered against all other defendants for failure to plead or otherwise defend the action. On April 6, 2012, the clerk of the court entered default

result, the United States has filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 37(d), which provides in part:

> (d) **Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.**
>
> (1) *In General.*
>
> (A) *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:
>
> (i) a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition; or
>
> (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.
>
> (B) *Certification.* A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.
>
> *(2)* *Unacceptable Excuse for Failing to Act.* A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the

---

against Kuyper Family Living Trust (docket no. 33). On March 30, 2013, the clerk of the court entered default against Vision Unlimited, Raymond Ehrman as Trustee of Vision Unlimited, and Duane Kuyper and Mary Kuyper as Trustees of Kuyper Family Living Trust (docket no. 56).

> party failing to act has a pending motion for a protective order under Rule 26(c).
>
> **(3)    *Types of Sanctions.*** Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d).

Under Rule 37(b)(2)(A)(vi), the court is authorized to "render[ ] a default judgment against the disobedient party," which is the sanction requested by the United States.[2] For the reasons discussed below, I find that the United States' request, which the defendants have not actively opposed, should be granted.

There is no question that the Kuypers, who appear pro se in this action,[3] were served with proper notice of their depositions. On August 5, 2013, the United States sent notices to Duane Kuyper and Mary Kuyper, at their mailing address in Stickney, South Dakota, stating that their depositions were scheduled for August 27, 2013, at the United States Attorney's Office in Sioux Falls, South Dakota, at 9:30 a.m. and 11:30 a.m., respectively (docket no. 83-10). On August 22, 2013, the Kuypers filed

---

[2] Alternatively, the United States requests that the defendants be ordered to appear for depositions, to produce documents that have been requested by the United States, and to provide satisfactory answers to previously served interrogatories.

[3] "A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery." *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000).

a motion to quash the depositions (docket no. 70).[4] The motion was denied that same day, and the court's order was immediately mailed to the Kuypers (docket no. 73).

Plaintiff's counsel waited at the U.S. Attorney's Office with a court reporter from 9:00 a.m. until noon on August 27, 2013, and had the court reporter note that the Kuypers had not appeared as of 11:50 a.m. Declaration of Daniel Applegate (docket no. 83-2), ¶ 9. The Kuypers did not contact Mr. Applegate at any time on August 27, 2013, concerning their absence. *Id.*

On September 5, 2013, the Kuypers filed a notice of appeal from the order denying their motion to quash (docket no. 77). The United States Court of Appeals for the Eighth Circuit granted a motion to dismiss filed the United States and summarily disposed of the appeal on September 30, 2013 (docket no. 84).

"Default judgment is appropriate where the party against whom the judgment is sought has engaged in 'willful violations of court rules, contumacious conduct, or intentional delays.'" *Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001) (quoting *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996)). "[T]he district court must consider all of the evidence and circumstances that tend to provide a 'complete understanding of the parties' motivations' ...." *Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp.*, 380 F.3d 1084, 1106 (8th Cir. 2004) (quoting *Smith v. Smith*, 145 F.3d 335, 344 (5th Cir.1998)).

The Kuypers' intentional failure to appear for their depositions, and subsequent filing an unauthorized appeal, are just the latest in a series of acts designed to delay and obstruct this judicial proceeding, which has been pending since December 1, 2011. Some of those acts are recounted below:

---

[4] The Kuypers also requested the court to prohibit any further discovery by the United States and to dismiss the complaint.

- On December 29, 2011, the Kuypers (together with a non-party, Raymond Ehrman) answered and filed a third-party complaint against James Daugherty, Brendan Johnson, Daniel Applegate, the United States District Court for the District of South Dakota, the Treasury Department, the Internal Revenue Service, the Office of the Inspector General, and Congress (docket no. 9).[5] In this rambling, 80-page pleading (including attachments), the Kuypers alleged, among other things, that the third-party defendants were guilty of fraud and extortion because they were attempting to collect a federal income tax that is enforceable only in the District of Columbia. The Kuypers also moved for a change of venue to Washington, D. C. After all judges from the District of South Dakota recused themselves, the undersigned Senior United States District Judge for the District of Nebraska was designated and assigned to preside over this matter (docket no. 21), to which the Kuypers took exception (docket no. 22). In a memorandum and order entered on February 29, 2012, I struck the third-party complaint pursuant to Fed. R. Civ. P. 14(a)(4) and, except to the extent that the Kuypers had entered a general denial, struck the answer pursuant to Fed. R. Civ. P. 12(f) for pleading insufficient defenses and redundant, immaterial, impertinent, and scandalous matter; in addition, I denied the Kuypers' motion for change of venue and their objections to the case reassignment (docket no. 24).

- On March 6, 2012, the Kuypers, despite having already answered, filed a motion to dismiss the complaint and reiterated their frivolous contention that the federal income tax is not collectible outside of the District of Columbia (docket no. 25). The motion to dismiss was denied on April 2, 2012 (docket no. 29).

---

[5] Mr. Daugherty is an IRS agent. Mr. Johnson is United States Attorney for the District of South Dakota. Mr. Applegate is an Assistant United States Attorney who appears as counsel of record for the United States in this matter.

- On April 25, 2012, the Kuypers "concurred with" a motion to dismiss filed by Raymond Ehrman as Trustee of Vision Unlimited (docket no. 35). It was once again claimed, among other things, that the federal income tax extends only to the District of Columbia. This motion to dismiss was denied on May 29, 2012, in a detailed memorandum opinion (docket no. 40).[6]

- On June 13, 2012, the Kuypers answered an amended complaint[7] and also counterclaimed for damages (docket no. 41). This pleading repeated and expanded upon many of the allegations that were contained in the Kuypers' answer to the original complaint and that had been ordered stricken; "counterclaims" were also alleged against Mr. Daugherty and myself. After the United States filed a motion to strike and to dismiss this pleading (docket no. 42), the Kuypers filed an amended answer and counterclaim that included additional allegations but did not correct any of the pleading defects of the previous filing (docket no. 43). The United States then filed another motion to strike and to dismiss (docket no. 44).

- On August 24, 2012, the Kuypers filed a motion to require the United States to respond to the counterclaim (docket no. 45). On October 3, 2012, I dismissed the counterclaim and struck large portions of the answer (docket no. 47).

- On November 2, 2012, the Kuypers filed an appeal from the court's October 3rd order (docket no. 48). The appeal was dismissed for lack of jurisdiction on December 17, 2012 (docket no. 54).

---

[6] Subsequently, the trustee's motion to dismiss was ordered stricken as an improper pro se filing (docket no. 47).

[7] The United States was granted leave to amend to substitute Mr. Ehrman as trustee for a previously named defendant (docket no. 29).

By refusing to participate in discovery, the Kuypers have again demonstrated their disdain for the United States and their contempt for this judicial proceeding. They have provided no excuse for their behavior and have given no indication that they have a meritorious defense. Considering all of the circumstances, and finding no good reason to prolong the action further by imposing a lesser sanction, I conclude that the Kuypers should be declared in default. Also, because all other defendants are in default for failure to plead or otherwise defend the action, I conclude that a final judgment can and should be entered.

"A default judgment entered by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." *Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 721-22 (8th Cir. 2004). Because the amended complaint only sets forth the accrued tax liabilities of Duane Kuyper and Kuyper Family Living Trust through December 1, 2011, the United States should file an affidavit computing the amounts currently due. The United States will also be directed to provide the court with a proposed final judgment, which may be emailed to my chambers at kopf@ned.uscourts.gov.

I caution the defendants that this memorandum and order does <u>not</u> constitute a judgment and cannot be appealed. Any appeal will need to wait until after a final judgment has been entered by the court.

Accordingly,

IT IS ORDERED:

1. Plaintiff's motion for sanctions (docket no. 83) is granted and, pursuant to Federal Rule of Civil Procedure 37(d), default is entered against Defendants Duane L. Kuyper and Mary L. Kuyper in their individual capacities.

2.  Plaintiff is directed to file an affidavit showing computations of accrued tax liabilities and to provide the court with a proposed final judgment which, upon approval and filing by the court, will conclude this action.

October 23, 2013.                    BY THE COURT:

                                     s/ *Richard G. Kopf*
                                     Senior United States District Judge